UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARY J. WOOTTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-499 |
| | ) | (PHILLIPS/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 12] and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff Mary J. Wootten seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant met the disability insured status requirements of the Social Security Act on January 31, 2003.
>
> 2. The claimant has not engaged in substantial gainful activity since at least January 31, 2003.
>
> 3. The medical evidence establishes that the claimant has a history of cervical cancer, a mild adjustment disorder, peripheral neuropathy and

fibromyalgia, but that she does not have an
impairment or combination of impairments listed in,
or medically equal to, the appropriate listings set
forth in Appendix 1, Subpart P, Regulations No. 4.

4. The allegations of symptoms, or combination of
symptoms, of such severity as to preclude all types
of work activity are not consistent with the evidence
as a whole and are not persuasive.

5. The claimant's impairments preclude: lifting
more than ten pounds frequently and twenty pounds
occasionally, standing and walking more than two
hours in an eight hour work day and sitting more
than six hours in an eight hour work day.

6. The claimant cannot perform her past relevant
work.

7. The claimant is 49 years old and has a twelfth
grade education.

8. In view of the claimant's age and residual
functional capacity, the issue of transferability
of work skills is not material.

9. The claimant can perform other work existing
in significant numbers. This finding is based upon
Medical-Vocational Rule 201.22, of Table No. 1
of Appendix 2, Subpart P, Regulations No. 4.

10. The claimant has been able to perform other work,
existing in significant numbers, since January 31, 2003.
The claimant has been able to perform substantial
gainful activity since January 31, 2003. The claimant
was not under a disability, as defined under the Social
Security Act, at any time through the date of this
decision.

(Tr. 18).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social

Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). A decision supported by substantial evidence must be upheld, even if the Court could arrive at a different conclusion from the evidence on record. Valley v. Commissioner of Social Security, 427 F.3d 388, 391 (6th Cir. 2005). In other words, it is immaterial whether the reviewing judge may have decided the case differently. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986). Moreover, the Court may not review the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In this appeal, the plaintiff's position is that her pain is severe and disabling, and it prevents her from performing even light sedentary work. In support of this position, the plaintiff argues that the record as a whole does not provide substantial evidence for the ALJ's finding "that Wootten's subjective complaints, embodied by her history of cervical cancer, a mild adjustment disorder, peripheral neuropathy and fibromyalgia, were not supported by the objective medical findings and therefore did not support a finding of disability." [Doc. 12]. The plaintiff asserts that the ALJ focused only on those parts of the record which supported the ALJ's conclusion, while ignoring the portions that supported a finding of disability. Specifically, plaintiff says that Dr. Swarm, a treating physician, found that plaintiff had severe back pain, abdominal pain and bilateral lower extremity pain, along with the objective findings to support plaintiff's subjective pain complaints.

Plaintiff also argues that the ALJ ignored the findings of Dr. Mendoza, consulting

3

physician, the findings of Dr. Mades, consulting psychologist, and the findings of Dr. Branstetter, plaintiff's treating psychologist, when those findings supported disability, but the ALJ seized upon those findings which support a determination of no disability.

Finally, plaintiff argues that the ALJ "completely ignored" evidence of disability contained in the records of Matthew Miriani, D.O and Scott Hainz, a Chiropractor.

The plaintiff's second ground on appeal is that the "combined effects" of cervical cancer, peripheral neuropathy and fibromyalgia, based on all of the medical evidence, supports a finding of disability from pain.

The plaintiff's third ground is that the plaintiff's pain symptomology, being severe enough to be disabling, precludes the conclusion that the plaintiff can perform sedentary work.

The Commissioner, on the other hand, argues that the plaintiff's allegations of disabling pain and limitations were not credible. The Commissioner argues that the medical record evidence shows that no treating doctor imposed any significant long-term limitations on plaintiff's activities, the plaintiff sought minimal medical care after the January 31, 2003 onset date, and the ALJ's conclusion that the plaintiff could perform a significant number of sedentary work jobs was supported by substantial evidence.

Based upon a careful review of the entire record in this case, the Court finds that the plaintiff's arguments are unpersuasive. With regard to the plaintiff's credibility, the plaintiff asserts that the ALJ relied on selective portions of the medical evidence, while ignoring other findings which would support a conclusion of disability. The plaintiff, however, does not demonstrate how the examination findings that she cited proved inconsistent with the ALJ's RFC finding for less demanding sedentary work. For the most part, the evidence referenced by plaintiff predated January

4

31, 2003, her alleged onset date of disability. Plaintiff does not allege that she was disabled prior to that date. The plaintiff, in fact, did work full-time until January 31, 2003 (Tr. 116).

The Court agrees with the Commissioner that the ALJ throughly discussed the record evidence, and reasonably concluded that it did not support plaintiff's allegations of disabling limitations (Tr. 14-17). Plaintiff alleged that she became disabled on January 31, 2003. However, as the ALJ noted, there is no evidence that her doctors advised her to stop working or that her employer noted a decline in her work performance (Tr. 16). Rather, Dr. Rader released plaintiff to return to work in January 2002, and the evidence does not document a decline in her functioning (Tr. 14, citing Tr. 186). Plaintiff's doctors did not impose any significant, long-term restrictions on her activities (Tr. 16). See Longworth v. Commissioner Social Security Administration, 402 F.3d 591, 596 (6th Cir. 2005) ("[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability.")

The evidence showed that plaintiff was successfully treated for cancer in late 2001 (Tr. 180, 187-91). While plaintiff complained of pain primarily in her back, legs, and hips in 2002, she was able to work full-time despite her complaints of pain. Dr. Robert Swarm noted in May 2002 that plaintiff had diffuse tenderness in all areas tested, but she had a reasonably symmetric gait and moved easily throughout the examination (Tr. 130). At a follow-up visit in October 2002, Dr. Rader documented only trace edema in plaintiff's legs (Tr. 183). In January 2003, Dr. Rader noted that plaintiff had a superficial clot in her left thigh, but no swelling in her legs, and a doppler study showed no deep venous thrombosis (Tr. 182).

Plaintiff was treated by Chiropractor Scott Hainz. In February, 2003, he reported that plaintiff's ability to perform various work-related functions was "limited. . . it would be job

5

dependent" (Tr. 148-149). He also stated that plaintiff had a "normal gait" and had no medical need for an assistive device, such as a cane (Tr. 148-149). Plaintiff received periodic chiropractic care at the Logan Chiropractic Health Center from December, 2002 through February, 2003. The Logan Chiropractic progress notes repeatedly state that plaintiff was "responding well to care" (Tr. 150-71).

Plaintiff did not submit any medical treatment evidence from the approximate two year period between March 2003 through the date of the ALJ's decision in January 2005. The only evidence from this period was a consultative examination by Dr. Loretta Mendoza, which revealed clear lungs, equal reflexes, good grip strength on each hand, and good strength, along with the ability to bend her back 70-75 degrees with only small decrease in flexion. Dr. Mendoza concluded that the plaintiff, in fact, did not have a "foot drop," although he did find that she needs to use a walking cane to make her ambulation more steady (Tr. 199-204). In the opinion of the Court, the ALJ reasonably accounted for this medical evidence by restricting the plaintiff to less demanding sedentary work.

The ALJ's findings regarding the plaintiff's mental impairments were also supported by the objective medical evidence. Psychologist Ann Branstetter noted that she had treated plaintiff for a brief period of time from October 2001 through January 2002 due to an adjustment disorder with a depressed mood that arose after plaintiff was diagnosed with cancer (Tr. 196). Dr. Branstetter did not have any information about plaintiff's current functioning, as she had not seen plaintiff since January 2002 (Tr. 196). The evidence did not document that plaintiff received any mental health treatment at any time after her alleged onset date. Dr. James Lane, a state agency doctor, concluded that plaintiff did not have a severe mental impairment (Tr. 84-100). Lynn Mades, a consulting

6

psychologist, conducted a psychological evaluation in May, 2003, and found that plaintiff had a GAF score of 70, which was consistent with only mild symptoms (Tr. 209). See DSM-IV at 32. Dr. Mades also reported that "minimal pain behaviors were apparent" and that the plaintiff "appears able to perform simple, manual tasks with limited interactions with others" (Tr. 209). Given this evidence, the ALJ reasonably concluded that plaintiff's mental impairments did not impose any significant work-related limitations (Tr. 16).

The Court finds, and agrees with the ALJ, that the medical evidence did not support plaintiff's allegations of impairments. The plaintiff, for example, claimed that she experienced daily asthma attacks that required emergency room treatment twice since 2000 (Tr. 219-21). The record evidence, however, does not establish that the plaintiff received any treatment for asthma. Moreover, the plaintiff told Dr. Mendoza in May 2003 that she had not been to the emergency room in the past three years (Tr. 198).

The Court finds that the ALJ reasonably did not credit plaintiff's complaints of disabling pain. The ALJ's determinations of credibility are given great weight, and are reviewed for substantial evidence. James v. Commissioner of Social Security, 336 F.3d 469, 476 (6th Cir. 2003). The Court further finds that the ALJ did consider the combined effects of the plaintiff's impairments. The language of 20 C.F.R. § 404.1526 does not state that the ALJ must articulate, at length, the analysis of the medical equivalency issue. It states that the ALJ should review all evidence of impairments to see if the sum of impairments is medically equivalent to a "listed impairment." That is exactly what the ALJ did in this case.

Having found that plaintiff retained the RFC to perform a full range of sedentary work, the ALJ concluded that plaintiff could perform a significant number of jobs in the national

7

economy (Tr. 17). In reaching this conclusion, the ALJ properly relied on the Medical-Vocational Guidelines contained at 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 200.00 et seq. (the Grid). The Grid directs a finding of disabled or not disabled only where an individual's RFC, age, education, and work experience coincide with the corresponding factors in the particular rule. 20 C.F.R. § 404.1569; Wright v. Massanari, 321 F.3d 611, 615 (6th. Cir. 2003). Given plaintiff's vocational factors and RFC for a full range of sedentary work, Rule 201.22 of the Grid established that plaintiff has the ability to perform a significant number of jobs in the national economy and thus was not disabled (Tr. 18).[1] See 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1, Rule 201.22; 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(b) (the existence of a significant number of jobs in the national economy is established when all factors coincide with the criteria of a rule). As such, I find that substantial evidence supports the ALJ's decision that plaintiff was not disabled, because she could perform a significant number of jobs.

---

[1] The Commissioner properly concedes that the ALJ incorrectly cited to Grid Rule 201.22, rather than Grid Rule 201.21 (Tr. 18). Grid Rule 202.22 applies to situations where a claimant has transferable skills from a prior job. See 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1, Rules 201.21 and 201.22. Here, the ALJ did not find that the plaintiff has transferable skills (Tr. 18), and thus he should have applied Grid Rule 201.21. However, this constituted harmless error, as both Grid Rules direct a finding of "not disabled."

Therefore, it is **RECOMMENDED**[2] that the plaintiff's motion for summary judgment [Doc. 12] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).